**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4640**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

JOSEPH MICHAEL PETTAWAY,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. John T. Copenhaver, Jr., District Judge. (3:12-cr-00196-1)

———————

Submitted: February 26, 2014        Decided: March 10, 2014

———————

Before NIEMEYER, KEENAN, and DIAZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Carl E. Hostler, PRIM LAW FIRM, Hurricane, West Virginia, for Appellant. Blaire L. Malkin, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph Michael Pettaway appeals his conviction and the thirty-nine-month sentence imposed by the district court following his guilty plea to mailing a threatening communication, in violation of 18 U.S.C. § 876(c). Pettaway's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court (1) erroneously denied Pettaway a two-level reduction for acceptance of responsibility, and (2) improperly ran his sentence consecutive to Pettaway's undischarged state and federal sentences. Pettaway was notified of his right to file a pro se supplemental brief but has not done so. The Government has declined to file a response brief. Following a careful review of the record, we affirm.

I.

We review criminal sentences for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). In so doing, we "must first ensure that the district court committed no significant procedural error," such as failing to calculate or improperly calculating the advisory Sentencing Guidelines range, failing to consider the 18 U.S.C. § 3553(a) factors, selecting a sentence

2

based on clearly erroneous facts, or failing to adequately explain the chosen sentence. Gall, 552 U.S. at 51.

If a sentence is procedurally reasonable, we then examine its substantive reasonableness, taking into account the totality of the circumstances. United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). If the sentence is within the Guidelines range, we presume on appeal that the sentence is reasonable. United States v. Strieper, 666 F.3d 288, 295 (4th Cir. 2012).

A.

Counsel first challenges the district court's decision to deny Pettaway a two-level reduction for acceptance of responsibility under U.S. Sentencing Guideline § 3E1.1(a). We review this decision for clear error. United States v. Dugger, 485 F.3d 236, 239 (4th Cir. 2007). To merit this reduction, the defendant must establish by a preponderance of the evidence "that he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct." United States v. Nale, 101 F.3d 1000, 1005 (4th Cir. 1996). Because the sentencing court is in the best position to evaluate a defendant's acceptance of responsibility, we afford great deference to the district court's determination. Dugger, 485 F.3d at 239.

Although Pettaway pleaded guilty, he continued to issue threats against his victim. This conduct belies his assertion that he accepted responsibility for his criminal conduct. Based on the facts before the district court, it did not clearly err in denying the reduction.

B.

Counsel next challenges the district court's decision to impose this sentence consecutive to Pettaway's undischarged state and federal sentences. The district court has discretion to make a defendant's federal sentence consecutive to or concurrent with an undischarged sentence previously imposed. See 18 U.S.C. § 3584(a); Sester v. United States, 132 S. Ct. 1463, 1468 (2012). In exercising this discretion, the court is statutorily required to consider the § 3553(a) factors. See 18 U.S.C. § 3584(b). We review a district court's decision to impose a concurrent or consecutive sentence for abuse of discretion. See United States v. Lynn, 592 F.3d 572, 578 (4th Cir. 2010).

Pettaway committed the instant offense shortly after he was convicted and sentenced for committing a similar offense against another victim. Furthermore, he had a long history of sending threatening letters to the victim in this case, and he continued making threats after pleading guilty. In these circumstances, the district court did not abuse its discretion

4

in requiring that Pettaway serve this sentence consecutive to his undischarged state and federal sentences.

C.

Finally, the district court considered Pettaway's arguments for a sentence at the low end of the Guidelines. However, it concluded that a sentence at the high end was necessary to provide deterrence and protect the public, based on Pettaway's long history of sending threatening letters and in light of the timing of the instant offense. Because the district court acted within its considerable discretion in making this finding, we conclude that Pettaway has not rebutted the presumption of reasonableness that attaches to his within-Guidelines sentence. We thus conclude that Pettaway's sentence is both procedurally and substantively reasonable.

II.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Pettaway's conviction and sentence. This court requires that counsel inform Pettaway, in writing, of the right to petition the Supreme Court of the United States for further review. If Pettaway requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from

5

representation.  Counsel's motion must state that a copy thereof was served on Pettaway.

We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decisional process.

<u>AFFIRMED</u>